**Raman KUMAR, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 05–76707.

United States Court of Appeals, Ninth Circuit.

ed by 9th Cir. R. 36–3.

Submitted July 14, 2009 *.

Filed July 22, 2009.

Judith Lott, Newark, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Paul Fiorino, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, THOMAS, and WARDLAW, Circuit Judges.

### MEMORANDUM **

Raman Kumar, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the inconsistency between Kumar's testimony and documentary evidence regarding whether the police filed charges against him in 1996. *See Goel v. Gonzales*, 490 F.3d 735, 739 (9th Cir.2007) (inconsistencies between testimony and documentary evidence support an adverse credibility

finding where the inconsistencies go to the heart of the claim). Accordingly, his asylum claim fails.

It follows that Kumar failed to satisfy the more stringent standard for withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003).

Because Kumar's CAT claim is based on the same evidence that the agency found not credible, and he does not point to any other evidence showing it is more likely than not that he would be tortured in India, his CAT claim also fails. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

